UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AYANA S. SMITH | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE NO. |
| | : _____ |
| ATLANTA PEACH MOVERS, INC. and ORLANDO LYNCH | : |
| | : **Jury Trial Demanded** |
| Defendants. | : |

# COMPLAINT

Plaintiff Ayana S. Smith ("Plaintiff") files her Complaint against Atlanta Peach Movers, Inc. and Orlando Lynch, and shows this Court as follows:

## NATURE OF THE ACTION

1.

This is an action for unpaid wages and overtime and retaliation under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

## PARTIES

2.

Plaintiff Ayana Smith is a United States citizen who resides in Maricopa County in the State of Arizona. Plaintiff's consent to this action is attached as Exhibit 1.

3.

Defendant Atlanta Peach Movers, Inc. is a corporation organized under the laws of the State of Georgia with its corporate offices in the State of Georgia. It is subject to an action under the FLSA, and can be served with summons and complaint upon its Registered Agent, Briskin, Cros & Sanford, LLC at 1001 Cambridge Square, Suite D, Alpharetta, Georgia 30009.

4.

Defendant Orlando Lynch is an individual serving as the President and Chief Executive Officer of Atlanta Peach Movers, Inc. Upon information and belief, Lynch resides in Fulton County, Georgia. He is an employer subject to suit under the FLSA and may be served with summons and complaint at 2911 Northeast Parkway, Doraville, Georgia 30360.
.

## JURISDICTION AND VENUE

5.

The claims brought in this lawsuit present federal questions and jurisdiction in this Court is proper under 29 U.S.C. §§ 215, 216(b).

6.

Venue of this suit is proper in the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1391(b) and 29 U.S.C. § 216(b). The unlawful termination and other unlawful acts against Plaintiff occurred in this judicial district and division. In addition, at the time these acts occurred Plaintiff resided in and the Defendants operate and reside in this judicial district and division.

## FACTUAL ALLEGATIONS

7.

Plaintiff was hired as a Customer Service Representative for Atlanta Peach Movers, Inc. on May 28, 2008.

8.

After a layoff for economic reasons, Atlanta Peach Movers, Inc. hired Plaintiff back on May 29, 2009.

9.

On January 18, 2011, Orlando Lynch, held a meeting with Plaintiff.

10.

During that meeting, Lynch told Plaintiff that he would understand if she resigned, but that if she wanted to remain employed she would have to pay the Company back salary she had already been paid.

11.

The reason Lynch gave for this demand was that Plaintiff had allegedly agreed to work 50 plus hours per week and had not.

12.

In fact, Plaintiff had been approved to work less than 50 hours a week when her day care situation with her first child changed.

13.

Plaintiff did not resign, but instead sent a January 18, 2011 email asking that Lynch confirm in writing and provide information supporting his claim that Plaintiff owed the Company 339 hours of pay for hours that she allegedly did not work. She requested that this information be provided before she reached any agreement to pay any amount back to the Company.

14.

On January 19, 2011, Lynch responded by providing Plaintiff with a spreadsheet that calculated that she owed the Company for 339 hours. In his email to her attaching this spreadsheet, he asked her how she wished to proceed.

15.

In an January 20, 2011 email, Plaintiff responded that not only did she not owe the Company for such hours, but that the Company actually owed her for all hours worked over 40 hours per week. Plaintiff calculated these hours as 458 hours and asked Lynch how the Company planned to pay her for these hours.

16.

Plaintiff did not receive a reply.

17.

Instead, when Plaintiff reported to her desk for work on Monday, January 24, 2011, an unidentified security guard approached her and escorted her off the premises without giving any reason.

18.

Lynch terminated Plaintiff's employment.

19.

Plaintiff has suffered emotional distress due to Defendants' unlawful and retaliatory acts.

## COUNT ONE
## FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA.

20.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

21.

Plaintiff was an employee within the meaning of the FLSA.

22.

Atlanta Peach Movers, Inc. is an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

23.

Orlando is an employer of Plaintiff as defined by the FLSA.

24.

Defendants violated the FLSA by failing to pay her for all hours worked.

25.

Defendants violated the FLSA by failing to pay her overtime for hours worked off the clock.

26.

Defendants know or should know that such actions violate the FLSA, and it has not made a good faith effort to comply with the FLSA.

27.

Defendants knowingly, willfully, and/or with reckless disregard, failed to pay Plaintiff at least minimum wage for all hours worked or overtime.

28.

By demanding that Plaintiff pay back the Company for 339 hours she had already been paid because she had not worked 50 hours in some weeks (and conditioning continued employment on such payment), the Company no longer paid her a fixed salary per week regardless of the number of hours she worked.

29.

Plaintiff was not paid on a fixed salary basis regardless of hours worked. Instead, the Company demanded that she pay back any hours of pay that she worked less than 50 hours for that week.

30.

No exemption from the overtime provisions of the FLSA were applicable.

31.

To the extent any such exemption was ever applicable, Defendants lost such exemption by demanding that Plaintiff pay back hours she worked less than 50 hours per week.

32.

Plaintiff's primary work duties did not involve the exercise of discretion and independent judgment with respect to matters of significance.

33.

As a result of Defendants' illegal acts, Plaintiff is entitled to recover the relief requested below.

## COUNT TWO
## RETALIATION UNDER THE FLSA.

34.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

35.

Defendants retaliated against Plaintiff for refusing to resign or pay back the Company for hours she worked under 50 hours per week to remain employed, and complaining of FLSA violations and money owed her for back wages for hours worked over 40 hours per week, by terminating her employment.

36.

By refusing to resign or pay back the Company for any amount it demanded, and by instead demanding that the Company pay her back for all hours she worked over 40 hours per week, Plaintiff engaged in protected activity under the FLSA.

37.

Plaintiff's termination just a few days later is causally related to such protected activity.

38.

As a result of Concession's retaliatory acts, Plaintiff is entitled to recover the relief requested below.

WHEREFORE, Plaintiff prays:

a. That Summons issue requiring Defendants to answer the Complaint within the time provided by law;

b. That Plaintiff be awarded a declaratory judgment that Defendants failed to pay her for all hours worked or for overtime for hours worked over 40 hours per week in violation of the FLSA; and retaliated against her for engaging in protected activity under the FLSA;

c. That Plaintiff recover for all hours worked for Defendants;

d. That Plaintiff recover for all overtime she should have been paid;

e. That Plaintiff recover from Defendants back pay and benefits with pre-judgment interest;

f. That this Court order Defendants to award Plaintiff front pay and benefits in an amount sufficient to compensate Plaintiff;

g. That Plaintiff recover compensatory damages against Defendants in an amount to be determined by a jury;

h. That Plaintiff recover punitive damages against Defendants in an amount to be determined by a jury;

i. That Plaintiff recover liquidated damages under the FLSA;

j.   That Plaintiff recover attorney's fees and costs of litigation under the the FLSA, and any other applicable federal or state law;

k.   That the Court award Plaintiff any other or further relief as it deems necessary and proper, or equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

**Local Rule 7.1.D Certification:**

By signature below, counsel certifies that the foregoing pleading was prepared in Century Schoolbook, 13 point font in compliance with Local Rule 5.1B.

Respectfully submitted this 14th day of September, 2011.

T. Robert Reid, LLC

_____
T. Robert Reid
Georgia State Bar No. 600138

1030 Woodstock Road
Suite 3112
Roswell, Georgia  30075
Telephone (678) 743-1064
Facsimile (404) 549-4136
robreidattorney@gmail.com

Attorney for Plaintiff

11

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AYANA S. SMITH | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE NO. |
| | : _____ |
| ATLANTA PEACH MOVERS, INC. and ORLANDO LYNCH | : |
| | : **Jury Trial Demanded** |
| Defendants. | : |

## NOTICE OF CONSENT

I hereby consent to be a party plaintiff in this case, which is a suit to recover unpaid wages and overtime under the Fair Labor Standards Act.

Respectfully submitted this _12_th day of September, 2011.

_____
Ayana S. Smith

13